Turney, J.,
delivered the opinion of the court.
By section 2124, sub-sec. 2, of the Code, it is provided: ‘'“'Estate sold for debt shall be redeemable when it is ,sold under any decree, judgment or order of a court of chancery, whether founded upon a foreclosure of a mortgage or deed of trust, or otherwise; unless upon application of a complainant, the court order that the property be sold on a credit of not less than six months nor more than two years, and that upon confirmation thereof by the court, no right •of redemption or re-purchase shall exist in the debtor or his creditor, but that the title of the purchaser shall be absolute.”
The statute intends to benefit both debtor and creditor — the first, by exposing to sale his property under such circumstances as promise an approximation to its value, by giving time for payment to the purchaser; and the creditor, by an assurance that atn absolute sale will more nearly pay his debt. That buyers will give more for an absolute than a contin *335 gent estate, was a motive to the passage of the Act— the provisions for credit is a main element of of the law. Which element in its decree the court is not authorized to sell, barring the right of redemption.
In McBee v. McBee, 1 Heis., 558, it was argued, that in an unreported case, this court held that the requirement of $100, or cash to pay costs, was not such a sum as would open the right of redemption.” In response, Ch. J. Nicholson says: “ Without having seen the case, we presume there was enough in the record to satisfy the court that the sale was substantially in compliance with the law, and that the debtor had no reasonable cause of complaint. We are not prepared to hold that when both parties have been represented in the court below, and when it may be fairly inferred, either that the decree was consented to by the debtor’s counsel, or that the amount of cash did not probably diminish the aggregate amount of the bidding, such sale is not substantially in conformity to the requisitions of the law, when the Chancellor can see, either from his knowledge of the facts contained in the record, or by the admission of counsel representing the owner of' the land to be sold, that the requiring of an amount in cash sufficient to cover costs and counsel fees, will not interfere with the obtaining .of a full and fair price for the land, we should consider it sticking in the bark to hold such sale was not in' substance, a sale on credit.”
This interpretation of the statute confers no discretion upon the Chancellor, but leaves 'him where the letter and intention of the enactment placed him. *336 Of course, if the owner, of the realty agrees to the sale, then no statute or rule of law controls — the agreement of the parties makes the law of that particular sale. If the proof shows that the requirement of a cash payment will not interfere with the obtaining of a full and fair price, the statute is complied with, but this fact must distinctly appear from the proof; and if, at the time of decree for sale, no such proof is of record, then the statute must be pursued in terms, or else a reference must be had to the master, or the cause remanded to the rules to ascertain how the fact is. Upon the asking for such sale, the defendant has the right to be heard in opposition.
The issue presented by the exercise of such right can be settled only by proof. If the question be left alone to the discretion of the Chancellor, it ceases to be rule of law, and depends upon the temperament, the charitableness or uncharitableness of the Chancellor. As was said at a time when it was argued that the Chancellor’s conscience was his standard of law and right, we might as well determine rights by the length of his foot — the consciences and discretions of men not unfrequently differing as much as the sizes and lengths of their feet. The Chancellor’s discretion must be a legal one, justified in the facts.
For complainants desiring to sell land cutting off the equity of redemption, and asking a cash payment, it is the better practice, if not the only proper one, to present the application in the original bill — the cash payments in no case to exceed the items named in the case of McBee v. McBee.
*337 The rule indicated in this opinion was not observed here; therefore, so much of the decree as cuts off the right of redemption is reversed, and a decree will be pronounced here, allowing the right from the day of confirmation of sale by the master.